1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

DANIEL ELIJAH SADDLER,

                                    Petitioner,

    v.

MICHAEL S. EVANS, Warden, et
al.,

                                    Respondents.

CASE NO:  09-CV-2067 W (JMA)

**ORDER (1) ADOPTING REPORT
AND RECOMMENDATION,
(2) DENYING PETITION FOR
WRIT OF HABEAS CORPUS,
AND (3) DENYING
CERTIFICATE OF
APPEALABILITY**

On September 22, 2009, Petitioner Daniel Elijah Saddler, a state prisoner, commenced by and through his attorney, Lauren E. Eskenazi-Ihrig, this habeas corpus petition pursuant to 28 U.S.C. § 2254 (the "Petition"). Petitioner challenges his convictions in the San Diego Superior Court for infliction of corporal injury upon a cohabitant and assault by means likely to produce great bodily injury.

On December 20, 2011, United States Magistrate Judge Jan Adler issued a Report and Recommendation ("Report") recommending the denial of the Petition. On January 20, 2012, Petitioner filed objections to the Report.

1    The matter being fully briefed, the Court decides the matter on the papers
2    submitted and without oral argument. See Civ. L.R. 7.1(d.1). For reasons stated below,
3    the Court **ADOPTS** the Report [Doc. 40] and **DENIES** the Petition [Doc. 1].

4

5    **I.    BACKGROUND**

6    On February 10, 2006, a jury found Petitioner guilty of infliction of corporal
7    injury upon a cohabitant, Victoria Saddler, and assault by means likely to produce great
8    bodily injury. The jury also found Petitioner had personally inflicted great bodily injury
9    upon Victoria as to both counts. In a bifurcated trial, the court found allegations of
10   Petitioner's prior serious felony conviction, prior strike conviction, and two prior denials
11   of probation to be true. Petitioner was sentenced to eight years in prison for infliction
12   of corporal injury upon a cohabitant, plus five years for the prior felony enhancement
13   and five years for the great bodily injury enhancement, for a total of eighteen years. The
14   court stayed imposition of the sentence for assault likely to produce great bodily injury
15   under California Penal Code § 654.

16   On March 13, 2008, the California Court of Appeal reversed the five-year great
17   bodily injury enhancement, because it was based on a fact not found true by the jury
18   beyond reasonable doubt. On June 16, 2008, the California Supreme Court denied
19   Petitioner's petition for review. On September 9, 2009, Petitioner filed a writ of habeas
20   corpus in the California Supreme Court, which ultimately denied the writ without
21   comment or citation on April 14, 2010.

22   Meanwhile, on September 22, 2009, Petitioner filed the present Petition in this
23   Court, along with a motion to stay the federal proceedings while the California Supreme
24   Court considered his habeas petition. On March 8, 2009, this Court granted the stay.
25   Following the California Supreme Court's denial of the petition, this Court lifted the
26   stay. On December 20, 2011, Magistrate Judge Adler issued the Report recommending
27   the Court deny the Petition.  On January 20, 2012, Petitioner filed objections to the
28   Report (the "Objections").

## II.   LEGAL STANDARD

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980). When no objections are filed, the district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. See Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974). Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo." Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

## III.   SCOPE OF REVIEW

The Petition is governed by Title 28, United States Code, § 2254(d), as amended by the 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA"). The statute sets forth the following scope of review for federal habeas corpus claims:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Under section 2254(d)(1), a state court decision is "contrary to" Supreme Court authority if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). A state court decision is an "unreasonable application of" Supreme Court authority if it identifies the correct governing legal principle from the Supreme Court's decisions, but "unreasonably applies that principle to the facts of the prisoner's case." Id.

This Court gives deference to state court findings of fact and presumes them to be correct. 28 U.S.C. § 2254(e)(1). If the state supreme court silently summarily denies a petitioner's appeal, the reviewing court looks through to the last reasoned decision. Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991); see also Medina v. Hornung, 386 F.3d 872, 877 (9th Cir. 2004). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. See Delgado v. Lewis, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003)); Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).

## IV.   DISCUSSION

Petitioner seeks habeas corpus relief premised on eight grounds: (1) actual innocence; (2) prosecutorial misconduct; (3) ineffective assistance of counsel; (4) violation of the Confrontation Clause based on admitted statements of an unidentified man; (5) failure to instruct; (6) imposition of the upper term sentence; (7) double jeopardy; and (8) cumulative error.

Having read and considered the underlying Petition, the Report, and Petitioner's Objections thereto, the Court finds that the Report presents a well-reasoned analysis

1   of the issues.  Accordingly, for the reasons stated below, the Court will accept the
2   Report's recommendations and deny the Petition.

3

4      **A.     Actual Innocence**

5      The Court agrees with the Report that (1) Petitioner's actual-innocense claim
6   is not a ground for federal habeas relief, and (2) even if the claim was cognizable,
7   Petitioner did not affirmatively prove he is likely innocent.

8      First, the Supreme Court has not established the existence of a freestanding
9   actual-innocense claim.  District Attorney's Office for Third Judicial District v.
10  Osborne, 557 U.S. 52, 71 (2009). See 28 U.S.C. § 2254(d)(1); Williams, 529 U.S. at
11  413.  Absent Supreme Court authority establishing such a claim is cognizable on federal
12  habeas review, the California Supreme Court's rejection of Petitioner's claim cannot be
13  contrary to, or an unreasonable application of, clearly established Supreme Court law.
14  See Carey v. Musladin, 549 U.S. 70, 77 (2006).

15     Second, even assuming such a claim exists, it is subject to an "extraordinarily
16  high" threshold showing. See Osborne, 557 U.S. at 71.  Based on the record before the
17  Court, Petitioner has not satisfied the required showing.

18     In support of the claim that he is innocent, Petitioner relies on the declaration
19  of Larissa Mitchell, in which she claims she committed the crime. (*Pet'r's Obj.* 4-5.)
20  Larissa's confession after Petitioner was convicted, however, is insufficient to overcome
21  the substantial evidence presented at trial that Petitioner assaulted Victoria.  And
22  Petitioner's guilt is further supported by his and Victoria's inconsistent and evolving
23  explanations about the assault and Victoria's injuries.  As such, the California Supreme
24  Court reasonably concluded that Petitioner had not stated a prima facie case for relief.

25

26     **B.     Prosecutorial Misconduct**

27     The Court agrees with the Report that Petitioner has not shown that the
28  prosecutor's conduct rose to the level of a due-process violation.

1    Prosecutorial misconduct occurs when the prosecutor's actions "so infect[ ] the

2    trial with unfairness as to make the resulting conviction a denial of due process."

3    Darden v. Wainright, 477 U.S. 169, 181 (1986).  The presentation of conflicting

4    versions of events, without more, does not constitute knowing presentation of false

5    evidence.  United States v. Geston, 299 F.3d 1130, 1135 (9th Cir. 2002).  Rather, the

6    deliberate use of false evidence requires three things: (1) the testimony or evidence

7    must be false; (2) the prosecution knew or should have known it was false; and (3) the

8    evidence must be material.  See Hayes v. Brown, 399 F.3d 972, 984 (9th Cir. 2005).

9    Petitioner advances two theories in support of prosecutorial misconduct.  The

10   first is based on Dr. Jack Yang's testimony that Victoria's scan and x-rays revealed

11   fractures to her vertebrae on the left and right side, among other things.  Petitioner

12   argues that because Dr. Yang did not specify whether the fractures were "transverse

13   process" fractures (which are less severe) or "vertebrae body" fractures (which are more

14   severe), the prosecution presented false evidence.

15   But there is no dispute that the radiologist's report concluded that Victoria

16   suffered "L1 through L14 transverse process fractures."  Dr. Yang's testimony that there

17   were fractures to her vertebrae was, therefore, consistent with the report and the

18   prosecutor did not present false evidence.

19   Petitioner also asserts that the prosecutor committed misconduct by

20   mischaracterizing Victoria's injuries in closing arguments.  A prosecutor may argue

21   reasonable inferences drawn from the evidence presented, and any alleged improper

22   comments must be "viewed within the context of the entire trial" to determine whether

23   a constitutional error has occurred.  United States v. Young, 470 U.S. 1, 8, n.5, 11

24   (1985); Ceja v. Stewart, 97 F.3d 1246, 1253-54 (9th Cir. 1996).

25   Here, the prosecutor mentioned Victoria's spinal injuries twice during closing

26   argument.  The prosecutor summarized Dr. Yang's testimony and submitted to the jury

27   that Victoria's injuries, taken as a whole, constituted great bodily injury.  These are

28

1  reasonable inferences drawn from the evidence.  Petitioner, therefore, has failed to

2  show that the prosecutor's comments or conduct amounted to a due-process violation.

3      Because the Court has rejected Petitioner's individual prosecutorial-misconduct

4  claims, Petitioner's contention that the cumulative effect of the prosecutorial

5  misconduct violated his due-process rights also lacks merit.

6

7      **C.    Ineffective Assistance of Counsel**

8      A claim for ineffective assistance of counsel requires a petitioner to establish two

9  things: (1) trial counsel's performance was deficient, falling below an objective standard

10  of reasonableness, and (2) counsel's deficient performance prejudiced the defense.

11  Strickland v. Washington, 466 U.S. 668, 687 (1984).  If the claim can be resolved on

12  the ground of lack of sufficient prejudice, the court need not address the deficient

13  performance prong.  Id. at 697.

14      Here, Petitioner alleges six theories in support of his ineffective assistance of

15  counsel claim.  The Court agrees with the Report that because there is no reasonable

16  probability the jury would have a reached a more favorable result, Petitioner's trial

17  counsel's actions were neither deficient nor prejudicial.

18

19      1.    *Failure to Find Larissa Mitchell*

20      Petitioner argues trial counsel was ineffective because counsel failed to locate

21  Larissa Mitchell and present Mitchell's testimony that she assaulted Victoria.  An

22  alleged failure to investigate "must be directly assessed for reasonableness in all the

23  circumstances, applying a heavy measure of deference to counsel's judgments." Id. at

24  691; see also Silva v. Woodford, 279 F.3d 825, 836 (9th Cir. 2002).

25      Here, Petitioner does not allege trial counsel *failed to investigate* the claim that

26  Victoria was assaulted by another women, only that counsel failed to locate Larissa.

27  But there is no dispute that counsel had very little information on Victoria's alleged

28  female attacker.  And given that Petitioner knew Larissa very well (according to Larissa,

1   the two were in a relationship for several weeks) yet he never revealed to counsel that

2   he knew Victoria's attacker, the Court finds this claim particularly absurd.  Moreover,

3   given the substantial evidence that Petitioner caused Victoria's injuries, the Court finds

4   Petitioner has not shown that trial counsel's performance was deficient or prejudicial.

5

6          2.      <u>Failure to Present Evidence of Thumb Surgery</u>

7          Petitioner asserts that trial counsel rendered ineffective assistance of counsel by

8   failing to present corroborating evidence that he was left-handed and recovering from

9   thumb surgery when the incident took place. Petitioner asserts that such evidence

10  would have showed that it was impossible for him to commit the crime.

11         But there is no dispute that the jury heard testimony that Petitioner was left

12  handed and had broken his left thumb in May 2005, before the incident.  Additionally,

13  there is no dispute that the prosecution never disputed these facts.  Accordingly, there

14  was no need for defense counsel to present corroborating evidence on these matters and

15  counsel's performance was, therefore, not deficient or unreasonable.

16         Furthermore, because Petitioner has failed to demonstrate a "reasonable

17  probability" that the introduction of this corroborating evidence would have affected

18  the trial's outcome, Petitioner has also failed to show that defense counsel's

19  performance was prejudicial. <u>See</u> <u>Strickland</u>, 466 U.S. at 694.

20

21         3.      <u>Failure to Present Evidence of Motel Stay</u>

22         Petitioner contends that trial counsel was ineffective because counsel did not

23  present evidence of Petitioner's motel stay with Victoria, which he contends would

24  have strengthened Victoria's testimony that the two were on loving terms.  However,

25  the prosecution never contested Victoria's testimony or the motel stay.  And the

26  introduction of the motel receipt does little to undermine the evidence that Petitioner

27  assaulted Victoria.  Additionally, the fact that Petitioner and Victoria may have shared

28  a romantic night at the motel was negated by Victoria's testimony that the next

1   morning—on the day of the assault—she and Petitioner got into a disagreement during

2   which he threw and broke Victoria's phone.  Thus, Petitioner has failed to demonstrate

3   that introduction of the motel receipt would have had any bearing on the outcome of

4   trial.

6        4.   *Failure to Impeach Marqueta Rodgers*

7     Petitioner argues trial counsel was ineffective because counsel did not cross-

8   examine Marqueta Rodgers about her purported history of domestic abuse, which

9   Petitioner claims would have shown her bias against Petitioner. (*Pet'r's Obj.* 12.)

10     But during cross-examination, defense counsel challenged Rodgers's credibility

11   by questioning her extensively on alleged inconsistencies between her initial statement

12   to law enforcement and her trial testimony.  Had defense counsel brought up Rodgers's

13   history of domestic abuse, it is possible the jury could have viewed Rodgers as more

14   credible or the jury could have become sympathetic of Rodgers.  Under these

15   circumstances, the Court finds counsel did not act unreasonably. <u>Cullen v. Pinholster</u>,

16   – U.S. –, 131 S. Ct. 1388, 1406 (2011) (Defense counsel is afforded "wide latitude ...

17   in making tactical decisions.").

18     Nor is there any reason to believe that questioning Rodgers on her past would

19   have changed the outcome of trial.  There was no evidence that Rodgers knew

20   Petitioner or had any motivation to lie about seeing him—a perfect stranger—assault

21   Victoria. Moreover, there was substantial evidence against Petitioner that corroborated

22   Rodgers's testimony, including the inconsistent stories by Victoria and Petitioner, the

23   testimony of other witnesses, and Victoria's physical injuries.  Given the possibility that

24   Rodgers' testimony could actually hurt Petitioner's case, trial counsel's decision not to

25   question Rodgers about being the victim of domestic violence was a reasonable tactical

26   decision.

27   //

28   //

5.    *Failure to Request Jury Instruction on "Accident"*

Petitioner contends trial counsel rendered ineffective assistance by failing to request jury instructions on "accident." But this instruction was inconsistent with Petitioner's defense theory, which was that he did not assault Victoria and that her injuries were caused by a stranger who simply approached Victoria and began beating her. Counsel's failure to seek jury instructions inconsistent with his reasonable choice of defense does not amount to ineffective assistance of counsel. Butcher v. Marquez, 758 F.2d 373, 376-77 (9th Cir. 1985).

Moreover, none of the evidence presented at trial supported the theory that Petitioner "accidently" injured Victoria. Indeed, Victoria testified that Petitioner did not hit or cause her injuries. Thus, not only would the jury instruction on "accident" be at odds with the defense's theory, but the jury instruction would not have had any evidentiary support. And in California, the court is not required to instruct juries on theories that lack substantial evidentiary support. People v. Manriquez, 37 Cal. 4th 547, 587-88 (2005).

Likewise, at the appellate level, Petitioner cannot argue that counsel was ineffective in failing to raise the issue, because failing to raise a meritless argument on appeal does not constitute deficient performance or prejudice. See Wildman v. Johnson, 261 F.3d 832, 840 (9th Cir. 2001). As defense counsel's performance was not deficient or prejudicial, Petitioner's claim is without merit.

6.    *Failure to Present Evidence that Victoria's Injuries Were Minor and Failure to Object to Improper Argument*

Lastly, Petitioner claims trial counsel provided ineffective assistance by failing to assert that Victoria's injuries were minor and failing to object to the prosecution's closing argument regarding Victoria's spinal fractures.

Once counsel reasonably chooses a defense, he is not required to present alternative or inconsistent defenses. Turk v. White, 116 F.3d 1264, 1266-67 (9th Cir.

1   1997).  Here, trial counsel decided to pursue the defense that Petitioner was not guilty,

2   in conformity with Victoria's testimony that Petitioner never physically abused her. If

3   defense counsel had called additional experts to testify about the severity of Victoria's

4   injuries, the jury could have gotten distracted from the primary defense and there would

5   be no guarantee the experts would classify Victoria's injuries as minor.  Defense

6   counsel, therefore, exercised reasonable judgment in abstaining from presenting

7   additional evidence on Victoria's injuries.

8        Similarly, trial counsel did not act unreasonably or prejudice Petitioner's case by

9   failing to object to the prosecutor's closing comment.  As discussed above, the

10  prosecutor did not commit misconduct.  Accordingly, trial counsel's failure to make a

11  futile objection was neither deficient nor prejudicial. See Wilson v. Henry, 185 F.3d

12  986, 990 (9th Cir. 1999).

13

14        **D.    Statements of an Unidentified Man**

15        This Court agrees with the Report that the statements of the unidentified man

16  were non-testimonial in nature and, therefore, admissible in court.

17        The Confrontation Clause of the Sixth Amendment bars the admission of

18  testimonial statements made by individuals not subject to cross-examination. Crawford

19  v. Washington, 541 U.S. 36, 68-69 (2004).  In evaluating whether a statement made

20  during police interrogation is testimonial, courts consider if: (1) the person is speaking

21  of events that are actually happening, versus describing the past; (2) the person is facing

22  an ongoing emergency; (3) the nature of what was asked, viewed objectively, was such

23  that the "elicited statements were necessary to be able to resolve the present

24  emergency, rather than simply to learn . . . what had happened in the past"; and (4) the

25  interview was informal, versus formal. See Davis v. Washington, 547 U.S. 813, 827

26  (2006).  "The existence of an emergency or the parties' perception that an emergency

27  is ongoing is among the most important circumstances that courts must take into

28

1   account in determining whether an interrogation is testimonial." <u>Michigan v. Bryant</u>,

2   – U.S. –, 131 S.Ct. 1143, 1162 (2011).

3       Here, Petitioner argues that the statements of the unidentified man were

4   testimonial, because there was no ongoing emergency.  In support of this argument,

5   Petitioner cites the fact that Officer Cupples did not use his siren, did not call for back-

6   up, and drove 30 miles per hour to the scene.  (*See Pet'r's Obj.* 14.)  But the manner in

7   which Officer Cupples approached the scene does not negate his or the witness's

8   perception of an ongoing emergency, particularly given that Officer Cupples was only

9   8 blocks from the location where the witness observed Petitioner beating Victoria.

10  Given this short distance, Officer Cupples would not have arrived much sooner to the

11  scene by driving faster (and potentially endangering the public) with sirens blaring

12  (potentially alerting Petitioner to his approach).

13      Moreover, the unidentified man's statements and Officer Cupples's behavior

14  suggest that their primary concern was to end a threatening situation occurring in the

15  present, rather than to discuss past events.  Specifically, the man hurriedly approached

16  Officer Cupples's car and described the ongoing assault, giving a sense of urgency.  The

17  conversation was extremely brief and informal, with Officer Cupples not asking the man

18  any additional questions.   Given these circumstances, the main purpose of the man's

19  statements were to alert Officer Cupples of an emergency. Thus, the statements were

20  reasonably considered non-testimonial and properly admitted in trial.

21

22      **E.      <u>Failure to Give Unanimity Instruction</u>**

23      The Court agrees with the Report that the trial court was not required to instruct

24  the jury that it needed to agree unanimously on the great bodily injury allegations.

25      For a federal court to grant habeas relief on the basis of instructional error, a

26  petitioner must show that the "ailing instruction by itself so infected the entire trial that

27  the resulting conviction violates due process." <u>Cupp v. Naughten</u>, 414 U.S. 141, 147

28  (1973).  It is not enough for the instruction to be "undesirable, erroneous or even

1    'universally condemned.'" Id. at 146.  The error must have had a substantial and

2    injurious effect on the jury's determination. Hedgpeth v. Pulido, 555 U.S. 57, 61-62

3    (2008).

4          Petitioner claims that the trial court should have instructed the jury sua sponte

5    that they must unanimously find the great bodily injury enhancements to be true.

6    Petitioner's argument fails for two reasons.

7          First, a state criminal defendant does not have a federal constitutional right to

8    a unanimous verdict in a non-capital trial. Johnson v. Louisiana, 406 U.S. 356, 359

9    (1972).  Furthermore, when a single crime can be committed by various means, the jury

10   need not unanimously agree on which means were used, as long as they agree that the

11   crime was committed. Schad v. Arizona, 501 U.S. 624, 631-32 (1991).  Accordingly,

12   because Petitioner had no federal constitutional right to a unanimity instruction

13   regarding the great bodily injury enhancements for spousal abuse, the state court did

14   not violate Petitioner's right to due process.

15         Second, in California, the crime of spousal abuse need not be prosecuted as a

16   single act offense, but rather may be prosecuted as a continuous course of conduct. See

17   People v. Healy, 14 Cal. App. 4th 1137, 1139-40 (1993); see also People v. Thompson,

18   160 Cal. App. 3d 220, 224-25 (1984). Where the statutes at issue contemplate a

19   continuous course of conduct based on a series of acts committed over a period of time,

20   the court is not required to give a unanimity instruction. People v. Napoles, 104 Cal.

21   App. 4th 108, 115 (2002).  In this case, the prosecution consistently pursued the theory

22   that Petitioner engaged in an ongoing course of physical abuse, which resulted in

23   Victoria's injuries.  For this additional reason, the trial court was not required to

24   provide the jury with a unanimity instruction and, therefore, did not violate Petitioner's

25   right to due process.

26   //

27   //

28

**F.     Imposition of the Upper Term on Abuse Charge**

The Court agrees with the Report that the trial court's imposition of the aggravated term did not violate Petitioner's Sixth Amendment rights.

The Constitution allows the trial court to consider various aggravating circumstances in exercising its discretion to decide on the appropriate prison term, as long as the facts that make a defendant eligible for an increased sentence have been established consistently with the Sixth Amendment. People v. Black, 41 Cal. 4th 799, 813 (2007). In California, the presence of one aggravating circumstance is legally sufficient to impose a higher term. Id. Similarly, the Ninth Circuit has found that "if at least one of the aggravating factors upon which the judge relied in sentencing . . . was established in a manner consistent with the Sixth Amendment, [a] sentence does not violate the Constitution." Butler v. Curry, 528 F.3d 624, 643 (9th Cir. 2008).

Petitioner argues that the trial court's imposition of the upper term violated his Sixth Amendment right to have every fact which elevates the maximum prison term to be found by a jury beyond a reasonable doubt. See Cunningham v. California, 549 U.S. 270, 288-89 (2007). But the jury found Petitioner guilty of infliction of corporal injury and assault by means likely to result in great bodily injury, and the trial court relied on these findings of fact when imposing the enhancements. Additionally, the trial court considered Petitioner's recidivism and prior criminal history, and looked to the California Rules of Court 4.421(a)(1) and (b)(1)-(3), which state that crimes of great bodily injury and defendants with prior criminal convictions are circumstances in aggravation. Therefore, the imposition of the upper term did not violate Petitioner's Sixth Amendment rights.

Moreover, assuming the court's imposition of the upper term did violate Cunningham, the error was harmless. The court must determine whether "the error had a substantial and injurious effect on [Petitioner's] sentence." See Butler, 528 F.3d at 648. The court must grant relief only if there is "grave doubt" as to whether a jury could have found the aggravating circumstances to be true beyond a reasonable doubt.

1    Id. Here, the jury found Petitioner guilty of infliction of great bodily injury, and this
2    Court is confident the jury would have found at least one of the aggravating
3    circumstances true beyond a reasonable doubt. Thus, any Cunningham violation would
4    be harmless.

5

6         **G.    Double Jeopardy**

7         The Double Jeopardy Clause of the Fifth Amendment guards against multiple
8    punishments for the same offense.  Two criminal acts do not constitute the "same
9    offense" if each act or offense "requires proof of a fact which the other does not," and
10   the question whether punishments are "multiple" depends mostly on legislative intent.
11   Blockburger v. United States, 284 U.S. 299, 304 (1932); Ohio v. Johnson, 467 U.S.
12   493, 499 (1984). Where the legislature specifically allows multiple punishments under
13   two separate statutes, sentencing enhancements based on the offender's conduct do not
14   violate double jeopardy principles. Missouri v. Hunter, 459 U.S. 359, 368 (1983);
15   Plascencia v. Alameida, 467 F.3d 1190, 1204 (9th Cir. 2006).

16        The California Penal Code provides for multiple convictions based on a single act
17   or continuous course of conduct while protecting against multiple punishments.  Cal.
18   Penal Code §§ 954, 654.  If the prosecution alleges multiple offenses arising out of the
19   same act or course of conduct, the defendant may be convicted of any number of the
20   offenses charged.  Cal. Penal Code § 954.  "Multiple charges and multiple convictions
21   can be based on a single criminal act, if the charges allege separate offenses" and the
22   multiple convictions are not for necessarily included offenses. People v. Coyle, 178 Cal.
23   App. 4th 209, 217 (2009); People v. Reed, 38 Cal. 4th 1224, 1227 (2006).

24        Additionally, the California Supreme Court has rejected a double jeopardy
25   challenge to multiple convictions stemming from a charge of domestic violence. See
26   People v. Sloan, 42 Cal. 4th 110, 119 (2007).  Assault by means of force likely to
27   produce great bodily injury is not a lesser included offense of willful infliction of corporal
28   injury on a spouse.  Id. at 117, 119.  As the California Supreme Court concluded, the

1   "Legislature has made clear that a defendant may be convicted of more than one

2   offense even if they arise out of the same act or course of conduct."  Id.  Therefore,

3   Petitioner's multiple convictions do not violate the Double Jeopardy Clause of the Fifth

4   Amendment.

5

6          **H.**    **Cumulative Error**

7         The Court agrees with the Report that Petitioner has not been deprived of due

8   process and a fair trial as a result of cumulative error.  While any single error alone may

9   not deprive a defendant of due process, the cumulative effect of errors considered

10  together may deny a defendant due process.  See Whelchel v. Washington, 232 F.3d

11  1197, 1212 (9th Cir. 2000).  Here, however, this Court has concluded that there were

12  no errors of constitutional magnitude throughout Petitioner's trial.   Accordingly,

13  Petitioner is not entitled to relief as to this claim.

14

15         **I.**    **Request to Hold Evidentiary Hearing.**

16        Petitioner requests an evidentiary hearing to resolve factual disputes with regard

17  to his ineffective assistance of counsel claim.[1]

18        Where habeas claims have been decided on their merits in state court, a federal

19  court's review under section 2254(d)(1) must be confined to the record that was before

20  the state court.  Cullen v. Pinholster, 563 U.S. –, 131 S.Ct. 1388, 1398 (2011).  Because

21  none of Petitioner's claims survive review under section 2254(d)(1), Petitioner is not

22  entitled to an evidentiary hearing.  Id. at 1399–1400.

23  //

24  //

25

26

27       [1] Petitioner also sought to expand the record to include Exhibits A–N.  Because the

28  exhibits were already part of the record and considered by Judge Adler, on March 7, 2012, this Court found the request moot.  (See Order [Doc. 43], 1:27–2:4.)

1   V.   CONCLUSION AND ORDER

2        In light of the foregoing, the Court **ADOPTS** the reasoning and findings in the

3   Report [Doc. 40], and **DENIES** the Petition [Doc. 1].

4        Moreover, because reasonable jurists would not find the Court's assessment of the

5   claims debatable or wrong, the Court **DENIES** a certificate of appealability.  See Slack

6   v. McDaniel, 529 U.S. 473, 484 (2000).  The Clerk of the Court shall close the district

7   court file.

8        **IT IS SO ORDERED.**

9

10  **DATED:  September 24, 2012**

11  _____

12  Hon. Thomas J. Whelan
    United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28